UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

| | | | |
|---|---|---|---|
| Case No. | CV 10-9562 DSF (JEMx) | Date | 10/17/12 |
| Title | Christina Leyva, et al. v. City of Long Beach, et al. | | |

| | |
|---|---|
| Present: The Honorable | DALE S. FISCHER, United States District Judge |

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**     (In Chambers) Order Imposing Sanctions and Order to Show Cause re Further Sanctions

On July 31, 2012, the Court set this matter for a final pretrial conference on September 17, 2012. Counsel for Plaintiffs, Stephen A. King, was clearly aware of this conference, as he signed a Joint Status Report re Settlement Conference reflecting that date. The Report, filed September 10, did not indicate that Mr. King was not available on September 17. Though the Report indicated Mr. King believed there would be a substitution of attorney, no substitution was filed and the Court did not relieve Mr. King of his obligation to appear at the conference or to represent Plaintiffs.

Mr. King failed to appear for the final pretrial conference, failed to advise the Court that he would not be present, and failed to seek the Court's permission to be absent. According to his client, Adrian Leyva, Mr. King has declined even to meet with his clients and instead has foisted them off on his "assistant," Lance. Mr. King advised his clients to come to court and represent themselves. On September 18, 2012, the Court issued an Order to Show Cause re Sanctions stating that such conduct is unacceptable and is sanctionable. The Court noted that Mr. King seemed to have abandoned his clients without even providing the files that they needed to attempt to find new counsel in a timely manner. In any event, Mr. King did not seek or obtain this Court's permission to withdraw as counsel and was required to be present at the final pretrial conference.

The Court further stated that Mr. King's failure to appear as required was willful, deliberate, and in bad faith - and his apparent failure to provide the information his clients

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

need to proceed with this case more than six weeks after the mistrial was declared was negligent at best. This conduct resulted in the delay of this litigation and cannot be condoned. See Zambrano v. City of Tustin, 885 F.2d 1473, 1480 (9th Cir. 1989)("recklessness, gross negligence, repeated-although-unintentional-flouting of court rules, or willful misconduct" warrant monetary sanctions); Mendez v. Cnty. of San Bernardino, 540 F.3d 1109, 1130-33 (9th Cir. 2008)(the Court may sanction counsel in an exercise of its inherent power to protect the due and orderly administration of justice and maintain the authority and dignity of the court; a finding of bad faith may be appropriate when, among other things, a party engages in behavior that has the effect of "delaying or disrupting the litigation or hampering enforcement of a court order").

The Court ordered Mr. King to show cause in writing why he should not be sanctioned in the amount of $500 for the conduct described above. A hearing on the Order to Show Cause was set for October 15, 2012 at 11:00 a.m. Mr. King was further ordered to provide to his clients their entire file in this matter no later than September 20, 2012. The Court indicated that payment of the $500 in sanctions and submission of a declaration stating that the file has been provided to the Leyvas would discharge the Order to Show Cause. The Court ordered that, in the absence of a request for substitution of attorney approved by the Court, Mr. King must personally appear on October 15.

Mr. King apparently eventually provided the clients' file to them. However, he did not submit a declaration, nor did he show cause why the $500 in sanctions should not be imposed. Despite the fact that no substitution of attorney had been filed, Mr. King failed to appear at the hearing - further disregarding this Court's order. For a second time, Mr. King's clients (several of whom do not speak English) were forced to appear without counsel. The Court imposes sanctions in the amount of $500 for the conduct described in the Court's September 18, 2012 Order. Mr. King is ordered to pay that amount to the Clerk of the Court no later than October 29.

The Court orders Mr. King to show cause why the Court should not impose additional sanctions in the amount of $1,000 for his continued willful, deliberate, and bad faith failure to comply with this Court's orders. A written response to this order to show cause is due no later than October 29, 2012.

IT IS SO ORDERED.